**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2107-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VAUGHN SIMMONS,

    Defendant-Appellant.

_____

Argued January 12, 2022 – Decided March 3, 2022

Before Judges Hoffman, Whipple, and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-06-1540.

Scott M. Welfel, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Scott M. Welfel, of counsel and on the brief).

Hannah F. Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney; Hannah F. Kurt, of counsel and on the brief).

PER CURIAM

Defendant Vaughn Simmons appeals from a December 23, 2019 judgment of conviction after a second remand for resentencing to address the imposition of consecutive sentences. We are constrained to remand for resentencing once more.

On appeal, defendant argues the following points:

POINT I

BECAUSE THE SENTENCING COURT'S JUSTIFICATION FOR IMPOSING THE CERTAIN PERSONS SENTENCE TO BE SERVED CONSECUTIVELY WAS ALREADY REJECTED BY THIS COURT IN THE PREVIOUS APPEAL, AND BECAUSE THE "NO FREE CRIMES" GUIDELINE CAN NEVER BY ITSELF SUPPORT A CONSEC[UT]IVE SENTENCE, THIS COURT SHOULD REVERSE AND DIRECT THE TRIAL COURT TO IMPOSE THE SENTENCE CONCURRENTLY TO THE ROBBERY SENTENCE.

A. The Sentencing Court's Justification For Running The Certain Persons Offense Consecutive Was Already Ruled Inadequate By This Court In Its Order Remanding The Case After The Previous Appeal.

B. The Certain Persons Statute Would Not Be Rendered Meaningless By A Concurrent Sentence.

C. Yarbough's "No Free Crimes" Guideline Can Never Justify Imposition Of A Consecutive Sentence Where

2

All Five "Facts Relating To The Crimes" Point Toward A Concurrent Sentence.

D. This Court Should Reverse And Remand, Directing The Trial Court To Impose The Certain Persons Sentence Concurrently To The Robbery Sentence.

The facts relating to defendant's conviction were discussed in detail in State v. Simmons, No. A-4938-12 (App. Div. Feb. 11, 2016) (slip op.) and need not be repeated fully here except to address the imposition of sentence. In 2010, an Essex County grand jury indicted defendant on eight counts, four for a December 3, 2009, robbery and four for a December 5, 2009, robbery, collectively Indictment No. 10-6-1539-I. The counts were severed for trial for the two robberies, and for second-degree unlawful possession of a firearm by a person convicted of certain crimes, N.J.S.A. 2C:39-7(b), under the separate Indictment No. 10-6-1540-I.

On December 14, 2011, under Indictment No. 10-6-1539-I, a jury convicted defendant of four counts for the December 3 robbery, which included unlawful possession of a handgun under N.J.S.A. 2C:39-5(b). Following this conviction and in a separate trial before the same jury, the State presented evidence of defendant's prior conviction, which rendered defendant a certain person under N.J.S.A. 2C:39-7(b). The jury convicted defendant of the certain persons offense.

A-2107-19

The court sentenced defendant on February 3, 2012. The court imposed an aggregate thirty-year sentence with twenty-two and a half years of parole ineligibility. This sentence included twenty years with eighty-five percent parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2, with counts two and four merged into count one, and ten years for count three for possession, to run concurrently. It also included ten years with five years of parole ineligibility for count one for certain persons under the separate indictment, to run consecutively. See Simmons, slip op. at 19-20.

Defendant appealed. We affirmed the convictions and the sentence, but remanded on the certain persons sentence running consecutive to the robbery sentence "because the trial court failed to explain the reasons for imposing a consecutive sentence." Ibid.

On April 25, 2016, the same judge resentenced defendant on remand with further explanation for the consecutive sentences.

> [The court] ran the possession of a weapon concurrent to the first-degree robbery because the weapon was used in the robbery and it should run concurrent. However, a certain person is a separate and distinct offense apart from possession of a weapon. Its own distinctive element of having a previous conviction, a felony conviction, which would not allow a person to have a gun. And that being a separate crime, pursuant

to State versus Yarbough,[1] separate crime, separate instances deserve consecutive sentences which is why [the court] imposed it.

The court continued, explaining that it considered defendant's prior record of theft, robbery, and carjacking. It concluded with "under the circumstances and based upon [defendant's] prior record and the fact that certain persons is a separate and distinct crime apart from possession of a weapon, [the court] ran it consecutive and . . . think[s its] reason speaks for itself," and reasoned that the imposed sentence was still less than the extended discretionary persistent offender term, it could have imposed.

On the accompanying judgment of conviction, the court added that

[p]ursuant to State v. Yarbough, "there can be no free crimes in a system for which the punishment shall fit the crime." Running the sentence concurrently would render meaningless the certain person offense. Furthermore, the Legislature has a clear intent to specifically deter those who have a criminal history from possessing guns.

The court found the same three aggravating factors and no mitigating factors. On August 18, 2016, the court amended the judgment of conviction to reflect no prior service credits. Defendant appealed again.

---

[1] State v. Yarbough, 100 N.J. 627 (1985).

A-2107-19

On May 3, 2017, defendant requested another remand during a Sentencing Oral Arguments hearing (SOA). He contended that the court's reasoning that his prior record, the fact that the certain persons offense was a separate crime, and the court's decision not to impose a longer discretionary extended term, did not provide the required Yarbough explanation or analysis for imposing consecutive terms.

We reversed and remanded because "the court did not provide adequate findings to support imposition of consecutive terms." State v. Simmons, No. A-5166-15 (App. Div. May 3, 2017).

A different judge heard arguments for resentencing on remand, on March 2, 2018. The parties agreed that consecutive sentences were not mandatory under the statute. Defendant argued against consecutive sentences for several reasons: the sentence is not meaningless if concurrent because of its difference in parole ineligibility; the Yarbough factors 3A-D do not apply; and a court cannot impose consecutive sentences just because it did not impose an extended term.

The court outlined Yarbough's "no free crimes" guideline, factors 3A-E, and procedural guidelines two, four, five, and six and found that for "3A, the crimes and their objectives were predominantly independent of each other.

6

This could be argued both ways, but if the possession of the gun was to fulfill the robbery, then it would be the same." It did not find factors 3B-E. Without further elaborating on 3A, the court continued to the "no free crimes" prong concluding that running the sentences concurrently would make the certain persons conviction "essentially . . . moot" here. Thus, the court concluded that consecutive sentences were appropriate. Without referencing the facts, the court resentenced with consecutive sentences. Defendant again appealed.

At the February 8, 2021 SOA hearing, defendant asked us to reverse and direct concurrent sentences, rather than reverse and remand for resentencing. We transferred the matter to plenary calendar and ordered a full briefing.

Defendant argues that the 2018 resentencing decision provides the same reasons for consecutive sentencing that we rejected as inadequate in the 2016 opinion. He adds that the certain persons statute would not be made meaningless by a concurrent sentence. Defendant further argues that the court only used "no free crimes" to support consecutive sentences, which should never independently support consecutive sentences. Defendant again asks us to reverse and remand but to direct the trial court to impose the certain persons sentence concurrently to the robbery sentence because of the history of

resentencing and because the facts here could not support a consecutive sentence.

We use a deferential standard to review a trial court's sentencing decision. State v. Fuentes, 217 N.J. 57, 70 (2014). Sentencing can involve statutory interpretation and implementation of a sentencing provision in a legislative scheme, which requires de novo review for a question of law. State ex rel. K.O., 217 N.J. 83, 91-93 (2014). Generally, a review court will remand for resentencing when the trial court has not provided adequate reasoning for its sentence. State v. Kromphold, 162 N.J. 345, 355 (2000).

N.J.S.A. 2C:44-5(a) provides, in pertinent part, that "multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence . . . ." Although there are no statutory rules for imposing consecutive sentences, the Court set forth guidelines in Yarbough. See State v. Carey, 168 N.J. 413, 427 (2001).

> (1) [T]here can be no free crimes in a system for which the punishment shall fit the crime;
>
> (2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
>
> (3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:

(a) the crimes and their objectives were predominantly independent of each other;

(b) the crimes involved separate acts of violence or threats of violence;

(c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;

(d) any of the crimes involved multiple victims;

(e) the convictions for which the sentences are to be imposed are numerous;

(4) there should be no double counting of aggravating factors;

(5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense; and

(6) there should be an overall outer limit on the cumulation of consecutive sentences for multiple offenses not to exceed the sum of the longest terms (including an extended term, if eligible) that could be imposed for the two most serious offenses.

[Yarbough, 100 N.J. at 643-44.]

Under the first Yarbough guideline, "there can be no free crimes in a system for which the punishment shall fit the crime." Id. at 643. The Court never intended an interpretation where any concurrent sentence would be a

9

free crime nor for the elimination of concurrent sentences. "No free crimes" is always present in convictions for more than one offense, so it cannot stand alone to support consecutive sentences. Otherwise, every sentence would be presumed as consecutive, which is not the statutory framework.

A sentencing court applies the five factors in the third guideline qualitatively, not quantitatively. Carey, 168 N.J. at 427. Thus, a court may impose consecutive sentences "even though a majority of the Yarbough factors support concurrent sentences." Id. at 427-28. In fact, courts have imposed consecutive sentences with one factor. See State v. Molina, 168 N.J. 436, 442-43 (2001) (multiple-victims factor). Concurrent sentences are not mandated even where offenses are connected by a "unity of specific purpose," are somewhat interdependent, and occur within a short period. State v. Swint, 328 N.J. Super. 236, 264 (App. Div. 2000). The Swint court did consider the "no free crimes" guideline and whether there were separate acts of violence, even though the offenses were not predominantly independent. See ibid.

The 2018 sentencing court did apply a Yarbough analysis, discussing factor 3A, not finding factors 3B-E, finding there shall be "no free crimes," and acknowledging legislative purpose, noting how concurrent sentences would be meaningless for offenses like first-degree robbery, but not for

10

offenses like second-degree possession and certain persons. The court reimposed the consecutive sentence, noting how otherwise the statute would be moot, but did not explicitly state that it relied on "no free crimes" or the crimes being separate offenses with distinct elements.

However, the trial court's reasons did not clarify whether the court also applied factor 3A, so the court does not indicate if it even relied only on a separate and distinct offense reasoning. Regardless of how it applies Yarbough guidelines and factors, the court must expressly and separately state its reasons for imposing consecutive sentences, so an appellate court may review sentencing for valid use of discretion. See State v. Miller (Miller II), 205 N.J. 109, 129 (2011); State v. Miller (Miller I), 108 N.J. 112, 122 (1987). In a proper Yarbough sentencing assessment, the court shall also provide "[a]n explicit statement, explaining the overall fairness of a sentence imposed on a defendant for multiple offenses in a single proceeding or in multiple sentencing proceedings . . . ." State v. Torres, 246 N.J. 246, 268 (2021). If, however, "the facts and circumstances leave little doubt as to the propriety of the sentence imposed," an appellate court may affirm a consecutive sentence that had "not carefully articulate[d]" reasons. State v. Jang, 359 N.J. Super. 85, 97-98 (App. Div. 2003).

11

While "mere identification of <u>Yarbough</u> factors" is insufficient to complete the analysis, <u>Torres</u> 246 N.J. at 268, it is still necessary. The current record is inadequate because it does not affirmatively state whether the court applied 3A. Such an unclear analysis cannot meet the requirements of <u>Miller</u> for an adequate record for the appellate court to review abuse of discretion. <u>See</u> (<u>Miller II</u>), 205 N.J. at 129; (<u>Miller I</u>), 108 N.J. at 122.

We reverse and remand for resentencing because the court did not explain whether factor 3A applied, and if so, the weight it was given. On remand, the court shall identify whether 3A applies, and also include comparisons to the factual record of this case, and provide "[a]n explicit statement, explaining the overall fairness of a sentence imposed on a defendant" pursuant to <u>Torres</u>, 246 N.J. at 268.

Defendant's additional arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Reversed and remanded for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2107-19